**STAUFFER CHEMICAL CO. et al.**

v.

**WATSON, Commissioner of Patents.**
Civ. A. No. 1724–52.

United States District Court
District of Columbia.

Jan. 21, 1954.

James M. Graves, Wm. Wallace Cochran, Washington, D. C., Robert H. Eckhoff, San Francisco, Cal., for plaintiffs.

E. L. Reynolds, Sol., J. Schimmel, Atty., U. S. Patent Office, Washington, D. C., for defendant.

CURRAN, District Judge.

This is a civil suit brought under the provisions of Section 4915 of the Revised Statutes, 35 U.S.C. (1946), Sec. 63,[1] in which the plaintiffs, Harry Bender, Harold M. Pitt, and the Stauffer Chemical Company, assignee of Bender and Pitt, seek a judgment from this Court authorizing the defendant, Commissioner of Patents, to grant a patent to the plaintiffs based upon certain claims of the patent application of Bender and Pitt, Serial No. 38,404, filed July 13, 1948, entitled "Process for the Manufacture of the Gamma Isomer of Hexachlorocyclohexane."

The materials used in the plaintiffs' process are benzene ($C_6H_6$) and chlorine ($CL_2$). Plaintiffs say that when benzene and chlorine are brought together in the presence of light, three molecules of chlorine combine with one molecule of benzene to form a molecule of hexachlorocyclohexane. This result is claimed to be accomplished by adding chlorine to benzene in the presence of light and by regulating the quantity of benzene to chlorine to insure that the benzene issuing from the chlorinator and carrying the hexachlorocyclohexane in solution contains free and unreacted chlorine. Control of the chlorine content is obtained by taking a sample of the material issuing from the chlorinator, and adjusting the chlorine feed to provide the necessary quantity of excess chlorine. The excess chlorine is at least 1% to 2%. Plaintiffs say that hexachlorocyclohexane made in the ordinary way by mixing benzene and chlorine in the presence of light is a gummy product which cannot be ground to a powder for convenient commercial distribution and use; that it has a foul odor; that

[1]. Now 35 U.S.C.A. §§ 145, 146.

it blisters the skin; and that it attacks the eyes. Plaintiffs say further that these undesirable properties of hexachlorocyclohexane were due to the contaminants which were present in the benzene. The plaintiffs' patent involves two steps:

(1) A small amount of chlorine is added to the commercial benzene in the presence of light. This purifies the benzene. The quantity of chlorine used is controlled and is "about two pounds of chlorine per hundred pounds of benzene."

(2) This purified benzene is then mixed with more chlorine in the presence of light to form hexachlorocyclohexane. Plaintiffs claim that operating in this manner the hexachlorocyclohexane has a gamma isomer content of between 12% and 15%, which is free of contaminants and is easily ground to dust.

The defendant has denied a patent to the plaintiffs for three reasons:

(1) That the claims sought are based upon an indefinite disclosure;

(2) That the claims define a non-inventive subject matter, because of aggregation;

(3) That the requirement of the new Patent Act of 1952 requiring that the specification "shall set forth the best mode contemplated by the inventor of carrying out his invention", 35 U.S.C.A. § 112, applies to plaintiffs' application, which was filed on July 13, 1948. This third reason for refusing the patent was not given by the Patent Office Tribunals.

■ There is no merit to the contention that the claims sought are based upon an indefinite disclosure. The chemist operating the process samples the product coming out of the second step and determines how much excess chlorine it contains. If it is less than 1%, he adds more chlorine to the benzene, and if it is more than 2% of the chlorine, he decreases the amount of chlorine which he has been adding to the benzene. Four chemists working independently read the application and under-stood the process disclosed, and performed plaintiffs' process and obtained the results claimed in the application. The specification of a patent is not addressed to the public generally, but rather to those persons skilled in the art, and, therefore, such things which are familiar to them need not be pointed out in detail. Any description which is sufficient to apprise those skilled in the art of the definite features of the invention and which gives notice to others of what the patent claims as a monopoly is sufficiently definite to sustain the patent. The disclosure in the instant case is sufficient to enable one skilled in the art to practice the invention.

■ As stated before, the claims are drawn to a two-step process, the initial step comprising the chlorinization of contaminants in the benzene, and the second step comprising the chlorinization of the purified benzene to yield a hexachlorocyclohexane of increased gamma isomer content. The question is: is there any coaction or cooperative relationship between the two steps, or are they independent procedural operations? The defendant says that the claimed purification step can be used to purify benzene, regardless of the subsequent use to which the benzene is to be put, and, conversely, the second step of the claimed process is employable with and operative with benzene, no matter how it is purified. If the benzene used is pure, it is immaterial, so far as the result achieved is concerned, how it was purified. The claimed method of making hexachlorocyclohexane would be operative regardless of whether the benzene was purified by plaintiffs' first step or by some other way. If plaintiffs' first step is not in any way dependent upon the second step, and if the second step is not dependent upon how the material used in the second step is produced, then the claims are an aggregation of unrelated functions. There is no invention in assembling things, which, in the assembly, do not coact together to produce a new result. It follows, therefore, that

the process disclosed here is an unpatentable association of steps, that is, an aggregation.

Whether or not the Patent Act of 1952, 35 U.S.C.A. § 1 et seq., is applicable is immaterial, in view of the Court's ruling that the claims constitute an aggregation.

I find for the defendant. Counsel for the defendant will prepare the appropriate findings of fact, conclusions of law, and the judgment not inconsistent with this memorandum.