Marga FAULSTICH, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant (two cases).

Civ. A. Nos. 3919-61 and 3920-61.

United States District Court
District of Columbia.

June 27, 1963.

Fisher, Christen & Goodson, Washington, D. C., Burgess, Dinklage & Sprung, New York City, for plaintiff.

Clarence W. Moore, Solicitor U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

Both of the above-entitled actions were consolidated by reason of posing substantially the same issues. Both actions were instituted pursuant to 35 U.S.C. § 145 to authorize the Commissioner of Patents to issue patents to plaintiff upon certain claims of her applications Serial No. 595,-733 filed July 3, 1956, and Serial No. 609,385 filed September 12, 1956, both of which are entitled "Glass For Technical And Optical Purposes".

Both applications and all of the claims are limited to optical glass compositions said to possess valuable and advantageous optical properties which include refractive indices, diffusion co-efficients, and infra-red transmissions. The former application discloses eleven different specific optical glass compositions, while the latter application exemplifies its invention by eighteen such compositions.

No details for the making of the said compositions are contained in either of the involved applications. The sole issue here is one of law. The tribunals of the Patent Office rejected the claims because of insufficiency of disclosure in the applications by reason of the failure of applicant to specifically set out a method for the preparation of the claimed glass compositions.

The decision of the Board of Appeals was in accordance with the requirements of 35 U.S.C. § 112, which provides as follows:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, *and shall set forth the best mode contemplated by the inventor of carrying out his invention.*" (Emphasis supplied).

It is contended by counsel for plaintiff that a mere recitation of the constituents required in the making of the glass is sufficient to apprise one skilled in the art of the method of making it, and therefore that plaintiff's specification is in accord with the above-named requirements. But even though a conventional optical making method does exist that is entirely immaterial because

it is not so stated in the specifications. Furthermore, the statute explicitly obligates the inventor of a product to set forth the best method of obtaining the product, and accordingly, if conventional, it should be so stated.

At the trial highly skilled witnesses appeared on behalf of plaintiff, and from their testimony it could readily be held that they made the products as claimed from the disclosures set out. Even if the Court should accept such testimony, it is immaterial for the reason that the statute specifically points out what are mandatory requirements which must appear in the specifications. See In Re Chilowsky, Cust. & Pat.App., 306 F.2d 908, and Stauffer Chemical Co. v. Watson (DCDC, 1954) 119 F.Supp. 312.

The Court deems it unnecessary to discuss any further issues that have been raised herein, and makes the following:

## FINDINGS OF FACT

1. These civil actions, brought under the provisions of 35 U.S.C. § 145, seek judgment from this Court authorizing the Commissioner of Patents to issue to plaintiff patents on an alleged new and useful improvement in "Glasses For Technical And Optical Purposes", as particularly specified as claims 1–13 inclusive of application Serial No. 595,733, filed July 3, 1956 (CA–3920–61), and claims 1, 2, 4 and 5 of application Serial No. 609,385, filed September 12, 1956.

2. Claims 5, 8, 9, 10, 12 and 13 of Application Serial No. 595,733, filed July 3, 1956 (CA–3920–61) are not before the Court on their merits, since they were withdrawn from consideration during the prosecution of the application in the Patent Office, pursuant to Rule 142(b) of that Office. Only claims 1–4 inclusive, and 6, 7 and 11 of that application are at issue here.

3. The first filed aforementioned application involved in this proceeding states that the invention relates to a glass for technical and optical purposes, having features similar to barite flint glass, and that these features are attained if the glass is composed upon an aluminum base, such that it contains at least 45% of aluminum oxide, 25 to 45% of calcium oxide with or without other alkaline earth oxide, and 1 to 17% of alkalies, with the remainder consisting of various other oxides, within narrow limits, if used. Eleven different examples of compositions are disclosed together with optical values for glasses made from each. Very favorable melting qualities are said to be obtained if the glass has a total alkaline content of 2.5 to 11%. Example 2 is said to yield a glass having a transformation point of 715°C, a fusion point of 740°C, and which is easily melted and refined at a temperature below 1500°C.

The later filed application refers to the earlier application and indicates that the invention of this application relates to the same type of glass as that of the earlier application. It further states that the aluminate glass there described may be extended to many other fields of use if a portion of the aluminum oxide is replaced by other materials, and if at least 0.1%, but no more than 10% of fluorine is added to the glass composition.

4. The claims at issue are all directed to a product—a glass for technical and optical purposes. All the claims stand or fall together.

5. No specific or detailed description of how to make optical glass from the compositions disclosed is given in the involved applications; and no statement appears in either application that known or conventional glass making procedures can be used.

6. The specifications of the involved applications do not meet the requirements of the first paragraph of Section 112 of Title 35 U.S.C.

7. The claims sought are based upon specifications which fail to meet the requirements of the first paragraph of Section 112 of Title 35 U.S.C.

8. The claims at issue in each of the involved applications are unpatentable.

## CONCLUSIONS OF LAW

1. Where the specification of the application does not contain a description

of the manner and process of making a product alleged to be inventively new, the specification is defective, as not meeting the requirements of the first paragraph of Section 112 of Title 35 U.S.C.

2. Plaintiff is not entitled to a patent containing any of claims 1–4 inclusive, 6, 7 and 11 of application Serial No. 595,733, reproduced in paragraph 6 of the Complaint in Civil Action No. 3920–61.

3. The Complaint should be dismissed as to all claims set forth in paragraph 6 of the Complaint in Civil Action 3920–61.

4. Plaintiff is not entitled to a patent containing any of claims 1, 2, 4 and 5 reproduced in paragraph 6 of the Complaint in Civil Action No. 3919–61.

5. The Complaint should be dismissed as to all claims set forth in paragraph 6 of the Complaint in Civil Action No. 3919–61.